Mr. Jimmy Bolt Interim City Manager 700 Clay Street Arkadelphia, AR 71923
Dear Mr. Bolt:
I am writing in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on whether the release of three city employees' personnel files, with certain redactions, is consistent with the Arkansas Freedom of Information Act ("FOIA") (A.C.A. §§ 25-19-101- 109, as amended by Acts 259, 1994 and 2003 of 2005).
You indicate that a Patrolman with the Arkadelphia Police Department has presented an FOIA request to the City of Arkadelphia to review the employee files of his shift supervisor, who is an Arkadelphia Police Sergeant, and the employee files of the City Treasurer and the Public Works Supervisor. You state that the above referenced city employees believe this request to review their files is a clearly unwarranted invasion of personal privacy. You further request that I review the enclosed personnel files, which contain redactions of the information that the custodian has determined is exempt from release under the act.
RESPONSE
It is my opinion that your decision to release the files is consistent with the FOIA, but that some additional redactions are required by law. My conclusions are explained more fully below.
I am directed by law to issue my opinion as to whether the custodian's determination regarding the release of the records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B) (Supp. 2003). You have provided me with copies of the personnel files of the three city employees that are the subject of this request, which together total some three hundred and fifty pages of documents. As is typical with records maintained in personnel files, some of the records are properly classified as "personnel records" for purposes of the FOIA and some are properly classified as "employee evaluation or job performance records" under the Act. It is important to identify the correct classification of each record, because the FOIA sets forth different tests to govern the releasability of the two types of records.
Under the Arkansas FOIA, "personnel records" are generally open to inspection and copying by the public, except to the extent that their release would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Repl. 2003). Conversely, "employee evaluation or job performance records" are generally closed to public inspection, except upon the occurrence of certain specified events. "Employee evaluation or job performance records" are only open to public inspection if there has been a "final administrative resolution" of any "suspension or termination proceeding" at which the records in question "formed a basis for the decision to suspend or terminate the employee" and if there is a "compelling public interest in their disclosure." A.C.A. § 25-19-105(c)(1). Each of the criteria listed above must be present before "employee evaluation or job performance records" may be released under the FOIA.
In addition, the FOIA itself lists several particular categories of exempt records, including medical records, education records and state income tax records, and also contains a "catch-all" exemption that incorporates all exemptions contained in "laws specifically enacted to provide otherwise." A.C.A. § 25-19-105(a)(1)(A) (Supp. 2003). The release or non-release of the requested records is therefore governed by the objective standards and exemptions set out above. The fact that the subject of any such records may consider release of the records an unwarranted invasion of personal privacy is not relevant to the analysis. See Ark. Ops. Att'y Gen. Nos. 2005-057; 2001-112; 2001-022; 1994-198; 1994-178; and 1993-055.
I must note from the outset that some of the records you propose to release are "employee evaluation or job performance records" for purposes of the FOIA. A threshold requirement for release of such records is a suspension or termination of the employee in question. Op. Att'y. Gen.2001-125. Absent any suspension or termination of any of these three employees, these records should not be released. This category of records of course includes formal employee evaluations, but also includes "documentation ancillary to the formal evaluation process . . ." (see Op. Att'y. Gen. 99-026), as long as it "w[as] created at the behest of the employer and . . . detail[s] the performance or lack of performance of the employee in question with regard to a specific incident or incidents." Op. Att'y. Gen. 2005-011. This category would in my opinion include self-assessments or self-evaluations if performed at the behest of the employer. If none of the three employees has been suspended or terminated you should withhold all "employee evaluation or job performance records."
With regard to the "personnel records" you have enclosed, it is my opinion that a number of additional redactions are necessary in order to comply with the FOIA. Although you have made a number of redactions to withhold items such as social security number, the records you propose to release still contain items of information and documents that must either be redacted or withheld entirely. These redactions and withholdings of documents must be made either to comply with specific exemptions in the FOIA (e.g., medical records or education records); to comply with §25-19-105(b)(12) (requiring redaction of items giving rise to a clearly unwarranted invasion of personal privacy); or to comply with other state or federal law under the "catch-all" exemption referred to above. Such additional redactions or withholding of documents must include:
 1) Education records under A.C.A. § 25-19-105(b)(2), specifically including educational transcripts, which should be withheld; (see Op. Att'y. Gen. 2005-004);
 2) Scores received on employment-related tests under § 25-19-105(b)(12) (see Op. Att'y. Gen. 2004-178);
 3) Photocopies of driver's licenses (see Op. Att'y. Gen. 2005-194) (discussing the federal "Drivers' Privacy Protection Act")); and photocopies of social security cards (see 42 U.S.C. § 405
(c)(2)(C)(viii)(I) (making confidential "social security account numbers and related records");
 4) Insurance, retirement, and payroll deduction information under A.C.A. § 25-19-105(b)(12) (see Op. Att'y. Gen. 2003-320), including Arkansas Public Employees' Retirement System ("APERS") records (see A.C.A. § 24-4-1003 (Supp. 2003);
 5) Tax-related information under A.C.A. § 25-19-105(b)(1) and (b)(12) (see Op. Att'y. Gen. 2004-178; 2000-306; 1999-016 and 1996-363), including W-4 Forms (see Op. Att'y. Gen. 2005-194);
 6) Home addresses of non-elected municipal employees under A.C.A. § 25-19-105 (b) (13 (Supp. 2003);
 7) Home phone numbers of police officers under A.C.A. § 25-19-105(b)(12) (see Op. Att'y. Gen. 2003-115, citing 2002-087); and unlisted phone numbers of other employees (see Op. Att'y. Gen. 2005-146);
 8) Driver's license check/violations report and any other Arkansas Crime Information Center ("ACIC") records (see A.C.A. § 12-12-211 and Ops. Att'y. Gen. 2000-122 and 1997-177);
 9) Credit card numbers and expiration dates displayed on receipts under A.C.A. § 25-19-105(b)(11) (see Op. Att'y. Gen. 2003-064); and
 10) Marital status of employees and information about dependents (see Op. Att'y. Gen. 2001-080).
In my opinion, after the required redactions, the remaining records are subject to release under the FOIA.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh